UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARKOS PAPPAS, | ) |
| | ) Case No. 01-CV-1893-RNC |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) February 11, 2019 |
| | ) |
| Respondent. | ) |

## PETITIONER'S MOTION FOR AN EMERGENCY BAIL HEARING VIA TELEPHONE

Markos Pappas, Petitioner *pro se*, respectfully moves for an emergency bail hearing via telephone within the next 10 days (i.e., before February 21, 2019). In support, Pappas submits the following.

1. On December 23, 2019 the government was ordered, (Doc. 16), by this Court to respond (by or before January 11, 2019) to Pappas' motion seeking reconsideration of this Court's summary order denying Pappas' Rule 60(d) motion seeking to reopen the Court's decision denying Pappas' 28 U.S.C. 2255 motion, on the basis of undisputed fraud the government committed as to the 21 U.S.C. 851 issue during Pappas' section 2255 proceeding.

2. On January 9, 2019, this Court granted Pappas' motion to amend the Court's December 23, 2018 order, (Doc. 17), and ordered the government to include in its response an identification of the specific prior conviction it relies on to support a section 851 increase as to Pappas. (Doc. 19).

3. After the government did not file a response on January 11, 2019, Pappas moved for summary judgment in his favor, (Doc. 20), on all issues since the government's calculated failure to respond is clearly the result of an inability to produce a valid section 851 predicate to justify the section 851 increase that is now the sole basis of Pappas' continued confinement, thus meaning that Pappas' fraud claim is fully substantiated and that Pappas has been in federal prison unlawfully for almost 5 years at this point.

4. After the response time as to Pappas' motion for summary judgment elapsed on February 4, 2019 without a government response to that motion, Pappas submitted a supplemental filing dated February 5, 2019 again noting the government's calculated non-responses based on the government's inability to contest the fraud it perpetrated on the Court during Pappas' section 2255 litigation.

5. At this point it is indisputable, and is in fact UNDISPUTED, that Pappas is in prison unlawfully and has been for almost 5 years. That is a textbook violation of: (a) the Constitution's due process requirement; (b) the Constitution's prohibition against cruel and unusual punishment; (c) all of Pappas' common law rights retained under the Constitution's 9th and 10th Amendments; and (d) Pappas' basic human rights.

6. While Pappas appreciates that the Court must take its time to do its job carefully, Pappas should not have to sit in prison any longer while he awaits the final decision in this matter which should be nothing more at this point (in light of the indisputable and **UNDISPUTED** fraud that has kept Pappas in prison unlawfully for almost 5 years) than a formality of entering an order granting Pappas' summary judgment motion and the ultimate relief per Rule 60(d) outlined therein, (Doc. 20, para. 5-6).

7. Pappas' unlawful confinement is aggravated at this point by the fact that the federal prison where Pappas is imprisoned is incapable of providing basic human needs such as fresh air.  Pappas has not been able to breath in any fresh air for several months because of management issues at the institution.  A human being remaining in prison unlawfully is bad enough, and now fresh air is being denied on top of the other undesirable conditions at FCI Berlin where there are no beneficial programs or activities and where even law library access is restricted.

8. If the Court is not prepared to grant Pappas the ultimate relief he seeks at this moment, then because Pappas is clearly and UNDISPUTEDLY in prison unlawfully based on the government's fraud, because relief on the merits is UNDISPUTEDLY warranted, and because Pappas has served almost 5 years in excess of the absolute maximum term of imprisonment he can be subjected to under 21 U.S.C. 841(b)(1)(C) and will be entitled to immediate release if/when the Court grants Pappas the relief he is **UNDISPUTEDLY** entitled to based on the government's fraud, the standard for bail is more than amply satisfied.  The circumstances justify addressing that issue on an emergency (i.e., within 10 days) basis.

9. Pappas thus respectfully requests that the Court set a telephonic (or video conference) bail hearing before February 21, 2019 to air any questions or concerns relevant to bail, and he further requests that after that telephonic hearing the Court issue an order directing the Warden of FCI Berlin to release Pappas immediately.  The conditions of bail and matters such as where Pappas will reside and who he will report to while on bail can be discussed during the telephonic hearing.  Video conferencing is an option as the institution where Pappas is confined has that capability, but if a telephone conference is easier and more convenient for the Court than Pappas is certainly amenable to that.

WHEREFORE, Pappas respectfully submits that releasing him on bail while this Court completes its work and makes a final decision is warranted and he prays that the Court will grant him this small measure of relief so that he is not subject to

continued unlawful confinement in violation of his constitutional, common law, and human, rights.

Respectfully submitted,

*/s/ Markos Pappas*

Markos Pappas, *pro se*
Reg. No. 12622-014
FCI Berlin
P.O. Box 9000
Berlin, NH 03570

## CERTIFICATE OF SERVICE

I certify that on this 11th day of February, 2019, a copy of the foregoing was served via U.S. First-Class Mail, upon:

Pete Markle, AUSA

U.S. Attorney's Office--D.Conn.

157 Church St., 23rd Fl.

New Haven, CT 06510

By: */s/ Markos Pappas*
Markos Pappas